# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6794 | **DATE** | December 7, 2007 |
| **CASE TITLE** | Archie Brown (#2006-0068962) vs. Supt. Phil Clines, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $3.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, the complaint is dismissed as to defendant Clines pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summonses for service on defendants Romero and Lopez. The plaintiff's motion for appointment of counsel [#4] is granted. Patrick J. Cullinan / Belgrade and O'Donnell, PC / 20 N. Wacker Drive, Suite 1900 / (312) 422 1700 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

     The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, three Chicago police officers, violated the plaintiff's constitutional rights by using unjustified force against him and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendants attacked him for no reason when they arrested him, then denied him needed medical attention for his injuries until a booking officer refused to admit the plaintiff to the jail without a doctor's clearance.

     The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each
**(CONTINUED)**

mjm

**STATEMENT (continued)**

time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. A police officer may use only "reasonable" force when effecting an arrest. *See, e.g., Smith v. City of Chicago*, 242 F.3d 737, 743 (7th Cir. 2001). Furthermore, it is well established that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Williams v. Jackson*, No. 01 C 1520, 2002 WL 598516, at *4 (N.D. Ill. Apr. 18, 2002) (Andersen, J.), *citing Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (inter alia). Police officers may not unreasonably deny or delay needed medical treatment for a person in their custody. *Williams*, 2002 WL 598516 at *4, *citing Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Defendants Romero and Doe must therefore respond to the allegations in the complaint.

However, the complaint is dismissed as to police superintendent Phil Clines (sic). For a supervisory official to be liable in a civil rights action, the plaintiff must establish that official's direct, personal involvement in the alleged constitutional violations. *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Consequently, the former chief of the Chicago Police Department is not a proper party to this lawsuit.

The clerk shall issue summonses for service of the complaint on defendants Romero and Lopez. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

**(CONTINUED)**

**STATEMENT (continued)**

    The plaintiff's motion for appointment of counsel is granted. Patrick J. Cullinan / Belgrade and O'Donnell, PC / 20 N. Wacker Drive, Suite 1900 / (312) 422 1700 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

    Finally, counsel is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the third, "John Doe" officer as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).