UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BROWN, pro se., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 6794 |
| vs. | ) | |
| | ) | |
| SUPT. PHIL CLINE | ) | |
| OFFICER ROMERO, Star #9955 | ) | Judge Gettleman |
| OFFICER JOHN DOE (aka) | ) | |
| OFFICER D. LOPEZ, Star #12685 | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Chicago Police Officers David Lopez and Miguel Romero (herein "Defendant Officers"), by their attorney, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, file this answer, affirmative defenses and jury demand to Plaintiff's complaint:

**Statement of Claim:**

1. I Archie Brown state and standby the claim that on the following date 9-5-2006, I was walking down the street and I was approached by the Chicago Police and assaulted and battered by them with excessive force, injuring me to the point where I had to be taken to a hospital for emergency treatment for cuts, bruises and lacerations caused by blunt force in which the Chicago Police excluded my injuries and the fact that I had to be taken to the hospital from his report.

**ANSWER:** Defendant Officers admit plaintiff was walking on a sidewalk on 9-5-2006 when they approached him. Defendant Officers deny the remaining allegations contained in paragraph 1.

2. Defendant #2 Officer Romero upon our encounter, grabbed me immediately throwing me to the pavement with extreme excessive force, hitting me all in the upper parts of my body while trying to place his knee on my neck and chest area.

**ANSWER:** Defendant Officer Romero denies the allegation contained in paragraph

2. As paragraph 2 is not directed at Defendant Officer Lopez, he makes no answer to it.

3.　　Defendant #3 Officer John Doe, male 5'7" to 5'8" about 205 to 210 (lbs.) with dark hair, assisted Defendant #2 Officer Romero by kicking me and calling me names of vulgar contents after Defendant #2 Officer Romero had already thrown me to the pavement. I begged for my life upon being assaulted and battered by the two Officer's. During the confrontation, I had smelled alcohol, but I was not sure if the odor was on one or the both of the Defendant's, what I was sure of is the fact that I was in harms way and being mistakened for someone whom they were obviously in raged with.

**ANSWER:**　　Defendant Officers deny the allegations contained in paragraph 3.

4.　　I was handcuffed and violently thrown by both Defendant's in the backseat of a marked police car hitting my head on the upper part of the car door frame upon being violently pushed down in the back seat of the squad car putting a slight lump on my head immediately. Defendant #2 Officer Romero, repeatedly slammed the car door on my legs bruising and cutting them open while they were still outside of the car while I was in a sitting position on the back seat.

**ANSWER:**　　Defendant Officers admit plaintiff was handcuffed and placed in the backseat of a marked police squad car. Defendant Officers deny the remaining allegations contained in paragraph 4.

5.　　I pleaded with the Police Officer's to take me to the hospital, but instead I was taken to a store for some people to look at me in reference of a crime, (that I did not commit) afterward, I was taken to the Police Station in which the lock-up officer at the Police Station refused to admit me in the lock-up area without clearence from a doctor because of the visible injuries that I obviously had sustained. I was bleeding and in great pain, the lock-up officer demanded that the two Police Officer's take me to the hospital emergency room for treatment, and clearence to process me in the lock-up area.

**ANSWER:**　　Defendant Officers admit plaintiff was taken to Family Dollar Store for victims of an armed robbery to view plaintiff for purposes of identification. Upon information and belief, Defendant Officers admit plaintiff was taken to the police station. Defendants deny the remaining allegations contained in paragraph 5.

6.　　The two Police Officer's complied with the lock-up officer and took me to the hospital for treatment.

**ANSWER:**　　Defendant Officers deny the allegations contained in paragraph 6.

7. Defendant #3. Officer John Doe, has recently became to be known as Defendant #3. Officer D. Lopez, Star #12685 of the 10th District.

**ANSWER:** Defendants admit Defendant Officer Lopez's star number is 12686 and that he is assigned to the 10th district. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. Defendant's #2 and #3 falsified the police repots to cover up me being taken to the hospital for the injuries I sustained from the assault and battery by the Chicago Police.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 8.

9. This case will clearly show the negligence of Defendant #1. Superintendent of the Chicago Police Phil Clines, and his office of not being able to discover who these Chicago Police Officer's are with these violent behavioral dysfunction, and get them some psycho therapy or either release them of there duties.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 9 to the extent that they are directed at them.

## AFFIRMATIVE DEFENSES

1. As to all Federal claims, at all times alleged in Plaintiff's Complaint, a reasonable Police Officer, objectively viewing facts and circumstances then confronting Defendant Officers, during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within Constitutional limits that were clearly established at the time. Defendant Officers are, therefore, entitled to qualified immunity.

2. Where Defendant Officers may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff's which were the proximate cause of these injuries.

3. Probable cause is an absolute defense to a Section 1983 false arrest claim and a state law claim of malicious prosecution.

4. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

5. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

7. As to all State law claims, under the Illinois Tort Immunity Act, Chicago Police Officers are not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendant at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2002).

8. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act of omission of another person. 745 ILCS 10/2-204 (2002).

9.  At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## JURY DEMAND

Defendant Officers respectfully requests a trial by jury.

Respectfully submitted,
*/s/ SanjayPatel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840

5