IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 07 C 6794 |
| | ) | |
| OFFICER ROMERO, STAR # 9955, | ) | Judge Gettleman |
| OFFICER D. LOPEZ, STAR # 12685 | ) | |
| | ) | Magistrate Judge Nolan |
| Defendants. | ) | |

## MOTION TO STAY PROCEEDINGS

Defendants Chicago Police Officers Miguel Romero and David Lopez (the "Individual Officers"), by their attorney, Sanjay H. Patel, Assistant Corporation Counsel, respectfully request that this Court stay the proceedings in this case until a final disposition is entered in Archie Brown's related felony criminal proceedings pending in the Circuit Court of Cook County, Criminal Division. In support of this motion, the Individual Officers state as follows:

1.  Archie Brown ("Brown") filed his complaint in this matter on December 3, 2007.

2.  This suit arises from Brown's arrest by the Individual Officers on September 5, 2006, in Chicago, Illinois. Brown alleges that the Individual Officers approached him and that he was "assaulted and battered by them with excessive force." *See* Complaint at 4. Brown further alleges that he was thereafter arrested by the Individual Officers and taken to a store for identification in reference to a crime Brown complains he did not commit. *See id.* at 5. According to the complaint, the Individual Officers then took Brown to the hospital after the lock-up officer at the police station refused to admit Brown into the lock-up because of his visible injuries. *See id.* at 6. Brown also alleges the Individual Officers falsified police reports. *Id.*

3.     The Complaint seeks relief against Individual Officers and former Chicago Police Superintendent Cline.  This Court dismissed Cline as a defendant pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).  *See Docket Entry* no. 5.  For purposes of this motion, the most relevant counts are federal claims of excessive force and false arrest.

4.     As a result of this incident, Brown was charged with two counts of aggravated robbery. *See* Exhibit A at 1.  This state criminal matter, *People v. Archie Brown*, 06 CR 2131101 is still pending; Brown's case has been continued to April 24, 2008.  *See id.* at 29.

5.     Resolution of the criminal case will in all practicality reduce the number of issues to be litigated in this matter.  If Brown is convicted of any of the criminal violations with which he has been charged, his claim of false arrest will no longer be at issue in this civil case.  *See eg., Guenther v. Holmgreen,* 738 F.2d 879, 888 (7th Cir. 1984) ("[A] state court's finding that the arrest was legal – *i.e.*, supported by probable cause – would foreclose a § 1983 claim that the arresting officer acted in bad faith.").

6.     Because the outcome of the state criminal proceedings will have a direct impact on claims Brown raises in this civil action, this matter should be stayed until the state criminal proceedings are terminated.  The Supreme Court has acknowledged the prudence of a stay in such cases.  Addressing a case where the criminal defendant sought civil redress for false arrest before resolution of the related criminal case, the Court noted:  "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, *and in accord with common practice*, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007) (emphasis added).

7.	Such a stay is consistent with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are judicial in nature, implicate important state interests, and offer an adequate opportunity for review of constitutional claims so long as no extraordinary circumstances exist which make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). The *Younger* factors favor abstention here. The state criminal case is judicial, the state of Illinois has a keen interest in ensuring those who violate its criminal laws are tried and punished, and the state criminal proceeding offers a venue in which Brown can raise his claims that the officers had no probable cause to arrest him and employed excessive force in making that arrest. There are no extenuating circumstances to make abstention inappropriate.

8.	In *Simpson v. Rowan*, the Seventh Circuit expressly adopted the application of *Younger* abstention in such circumstances and held that a civil lawsuit should be stayed pending full resolution of the plaintiff's criminal case, including appeal of the criminal verdict to the Illinois Supreme Court:

> Even though the state trial has ended, however, Simpson's federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. For instance, were Simpson to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction. The policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process.

73 F.3d 134, 138 (7th Cir. 1995). The "federal damage action" the court refers to is a § 1983 civil rights suit seeking damages for an unlawful search and arrest. *See id.* at 135. *Simpson* is directly on point and controls how this court should handle Brown's civil rights suit while his criminal case proceeds.

9.      Other practical concerns also warrant staying this matter. Were this matter to proceed, Brown may likely invoke his Fifth Amendment right not to incriminate himself and refuse to answer certain questions in discovery. Staying this matter until resolution of Brown's criminal case ensures discovery will eventually proceed without the difficulties and complexities his invocation of the Fifth Amendment would pose.

WHEREFORE, for the reasons stated above, the Individual Officers respectfully request that the court issue an order staying proceedings against all defendants in this case until the conclusion of the matters in the criminal case of *People v. Archie Brown*, 07 CR 2131101, and for any additional relief this court deems appropriate.

Respectfully submitted,

s/ Sanjay Patel
SANJAY H. PATEL
Attorney for Individual Officers

Sanjay H. Patel
City of Chicago Department of Law
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06215790