IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE BROWN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) NO. 07 C 6794 ) |
| OFFICER ROMERO, STAR # 9955, OFFICER D. LOPEZ, STAR # 12685, | ) Judge Gettleman ) ) Magistrate Judge Nolan |
|     Defendants. | ) |

**PLAINTIFF ARCHIE BROWN'S AMENDED COMPLAINT**

Plaintiff Archie Brown ("Brown"), through his attorneys, complains of defendants Chicago Police Officers Romero and Lopez as follows:

**INTRODUCTION**

1.      This is a civil action seeking damages against defendants for committing acts, under color of law, which deprived Brown of rights secured by the United States Constitution and the laws of the United States. Defendant Officers, while acting in their capacities as police officers in the City of Chicago, County of Cook, State of Illinois, made an unreasonable seizure of the person of Brown, depriving Brown of his rights as guaranteed by the Fourth Amendment to the Constitution of the United States.

**JURISDICTION AND VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Brown's rights as secured by the United States Constitution.

CH1 4236487v.2

3.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b). Moreover, all events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

4.  At all times relevant to this action, Brown has been a citizen of the State of Illinois, Cook County.

5.  Defendant City of Chicago Police Officer David Lopez is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. At all times material to this Complaint, defendant Lopez acted toward Brown under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department. Officer Lopez is being sued in his individual capacity.

6.  Defendant City of Chicago Police Officer Miguel Romero is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. At all times material to this Complaint, defendant Romero acted toward Brown under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department. Officer Romero is being sued in his individual capacity.

## FACTS

7.  On September 25, 2006, Brown was walking on the street near 1931 South Marshall Boulevard when he was approached by Defendant Officers Romero and Lopez.

8.      Defendant Officer Romero approached Brown, immediately throwing him to the pavement with excessive force.  Defendant Officer Romero began repeatedly striking Brown on the upper part of his body, while Romero tried to place his knee on Brown's neck and chest area.

9.      Defendant Officer Lopez participated in the exercise of excessive force by kicking Brown and hurling vulgar insults at Brown.

10.     During this assault, Brown plead for his life.  He feared that he would suffer serious injury resulting from the Defendant Officers' use of excessive force.

11.     During the confrontation, Brown smelled alcohol on the defendant officers.

12.     After Defendant Officers had thrown Brown to the ground and beaten and kicked him, Defendant Officers violently handcuffed Brown.  Defendant Officers then forcefully shoved Brown into the back of their police car, causing him to strike his head on the door frame as he entered.  As a result of the force of this impact, the area of his head that came in contact with the door frame immediately began to swell.

13.     As Defendants forced Brown into the car, Defendant Officer Romero repeatedly slammed the car door on Brown's legs, bruising and lacerating Brown's left leg.

14.     Brown pleaded with Defendant Officers to take him to the hospital for treatment. Defendant Officers ignored his request.  Defendant Officers drove Brown to 2740 W. Cermak Road to be identified by witnesses to a robbery.

15. He was then transported to District 11 Male Lockup at the Cook County Jail. The lock-up officer, upon seeing the injuries Brown had suffered, refused to admit Brown into lock-up without clearance from a doctor.

16. At this time, Brown was bleeding from his leg and was in great pain. The lock-up officer demanded that the Defendant Officers take Brown to the hospital emergency room for treatment.

17. Defendant Officers complied and escorted Brown to Mt. Sinai Hospital where he was treated for his injuries.

18. Despite having brutally beaten Brown to such an extent that Brown had to be taken to the emergency room for treatment, Defendants' police report, in clear violation of their duties, makes no reference to Brown's injuries or his hospital visit. Furthermore, Defendants' police report misrepresented that a visual check of the arrestee showed no obvious injury to the arrestee.

## COUNT I

### Violation of 42 USC § 1983 – Use of Excessive Force in Violation of the Fourth Amendment: Defendant Officers

19. Brown realleges and incorporates as if fully restated the allegations in the preceding paragraphs.

20. By means of their use of unreasonable and excessive force against Brown during his arrest, detention, and interrogation, Defendant Officers intentionally or with deliberate indifference and callous disregard of Brown's rights deprived and conspired to deprive Brown of his right to be free from unreasonable searches and seizures and of the right to be free of

punishment without due process of law in violation of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

21.     The Defendant Officers used an amount of force that was manifestly objectively unreasonable under the totality of circumstances.  There was no need for the Defendant Officers to apply such force to Brown, as he did not pose any threat to the safety of the Defendant Officers or to others.  Even if Brown had resisted arrest (which he did not do), the amount of force used was disproportionate to any need that could have existed under the circumstances.  Moreover, the force that the Defendant Officers applied was maliciously and sadistically exerted solely for the purpose of doing harm to Brown.

22.     The actions of the Defendant Officers as described in this count were the direct and proximate cause of the constitutional violations described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Brown demands compensatory damages, punitive damages, costs, and attorneys fees, jointly and severally against the Defendant Officers.  Additionally, Brown demands whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Brown demands a trial by jury on all issues.

Dated:  December 17, 2007

                                                                    Respectfully submitted,

                                                                    ARCHIE BROWN

6

By: <u>/s/ Jamie E. Haney</u><br>One of his Attorneys

Thomas K. Cauley
Jamie E. Haney
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax:    (312) 853-7036

CH1 4236487v.2